Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004

*Attorneys for Plaintiff Ryan Flores*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RYAN FLORES, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>THE COCA-COLA COMPANY, a Delaware Corporation, and Does 1 to 100, inclusive,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT**<br>[*Class-Action Jury Trial Demanded*]<br><br>1.  Cal. Lab. Code §§ 1194 and 1197 and IWC Wage Order 7, Failure to Pay Minimum Wage Compensation<br><br>2.  Cal. Lab. Code §§ 510 and 1198, Failure to Pay Overtime Compensation<br><br>3.  Cal. Lab. Code §§ 226.7, 512 and IWC Wage Order 7, Failure to Provide Meal Breaks<br><br>4.  Cal. Lab. Code § 203, Continuing Wages<br><br>5.  Cal. Lab. Code § 226(a), Wage Statements<br><br>6.  Cal. Bus. & Prof. Code §§ 17200 *et seq.*<br><br>7.  Cal. Lab. Code § 221, Improper Deductions From Wages<br><br>8.  29 U.S.C. § 201 *et seq.* Overtime and Liquidated Damages<br><br>9.  Cal. Lab. Code §§ 2699 et seq., PAGA<br><br>10. Cal. Lab. Code § 226(b), Failure to Provide Employment Records<br><br>11. Cal. Lab. Code § 1198.5, Failure to Provide Employment Records |

Plaintiff Ryan Flores ("Flores") (collectively "Plaintiff"), on behalf of himself as an individual and all others similarly situated, by and through the undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil class and collective action seeking unpaid wages, continuing wages, liquidated damages, and attorneys' fees and costs, including such reasonable reimbursement of fees and costs as may be required by Section 218.5 of the California Labor Code.  The alleged violations include failure to pay wages for all hours worked, record keeping violations, wage statement violations, improper deductions, and unfair competition, among other claims.

2.      Venue is proper in this Central District of California since a substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The violations of the PAGA and the Fair Labor Standards Act alleged herein had a direct effect on and were committed within the Central District of California, impacting Plaintiffs and the Aggrieved Employees.  This Court may have supplemental and/or ancillary jurisdiction with respect to the state law claims alleged herein.

3.      This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has minimum contacts in California, or otherwise intentionally avails itself of the protections of California so as to render California's exercise of jurisdiction over Defendants consistent with traditional notions of fair play and substantial justice.

## PARTIES

4.      Plaintiff is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of San Bernardino, State of California.

5.      The Coca Cola Company ("Coca Cola") is a Delaware Corporation, which at all times relevant herein, conducted business within the County of San Bernardino, State

of California. Coca Cola has employed over one hundred workers in California, (the "Aggrieved Employees").

6.      Defendants Doe One through and including Doe One Hundred are sued herein under the provisions of section 474 of the California Code of Civil Procedure.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants, sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

## **GENERAL ALLEGATIONS**

7.      Plaintiff, who has been employed by Coca Cola for many years, currently works for at the Ontario/Fontana facilities, as referenced on **Exhibit 1**, all located within the County of San Bernardino in the Central District of California.

8.      Plaintiff and other Aggrieved Employees have been paid wages at levels lower than that to which they were entitled.  California Labor Code (hereinafter, the "Code") § 1182.12, effective July 1, 2014, states:

> Notwithstanding any other provision of this part, on and after July 1, 2014,
> the minimum wage for all industries shall be not less than nine dollars ($9)
> per hour, and on and after January 1, 2016, the minimum wage for all
> industries shall be not less than ten dollars ($10) per hour.

Further, pursuant to section 1182.12(b)(l)(A), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2017, to December 31, 2017, inclusive, - ten dollars and fifty cents ($10.50) per hour." Contrary to law, on information and belief, with respect to each individual facility which is owned and/or operated by Defendants, it consistently:

- Administered a uniform company policy and practice as to pay policies regarding the members of the class.
- Rounded the actual time worked and recorded by the members of the Class, usually down, so that during the course of their employment, the members of the class were paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time, and less than the appropriate total wage.

As a result of the foregoing, Defendants required the class to remain under its control without paying them, which resulted in the class earning less than the legal minimum wage required in the State of California.

9.     In or around 2017, Defendants switched over to a new payroll system. At the same time, Defendants also began to fail to pay Plaintiff and the Aggrieved Employees for all time worked at the correct rates, and all accrued vacation time. Defendants routinely paid Plaintiff and the Aggrieved Employees late, and when Defendants did pay Plaintiff and the Aggrieved Employees, they were unable to identify what compensation matched what hours worked.

10.     Defendants were aware of these overtime violations, and when queried about the discrepancies in pay, it would state that the problem. Defendants even informed Plaintiff and other Aggrieved Employees, by reason of a document, a copy of which is attached herein as **Exhibit 1**, stating:

This morning we learned that many of you received paystubs this week that reflected an incorrect hourly rate.  We have already escalated this issue to the Corporate Payroll Team in Atlanta and are working to resolve the problem as soon as possible. If you were directly impacted by this error, whether your hourly rate was lower or higher than it should be, please print a copy of your paystub . . . and bring that to your supervisor so we can track everyone that is affected.  Please note that if you were overpaid, the Company will deduct the overpayment from your upcoming check so we

would ask you to keep that in mind once your pay is deposited in your

financial institution.  Thank you for your continued understanding and

patience and we apologize for this mistake.

(Exhibit 1).

11.     Thereafter, another memo was issued by Defendants, attached as **Exhibit 2**, stating in part:

This is a follow up to the posting on February 15, 2019 concerning recent payroll errors.

Based upon the analysis of those errors, many of you received a supplemental payment on February 15 and others were overpaid on that paycheck. Unfortunately, we have since learned that there were additional, unforeseen issues with those make-up payments, resulting either in further underpayments to some and overpayments to others.

For anyone that is still owed money from the February 15 check, you will see a second deposit on 3/1/19 with any outstanding amounts owed. Anyone who has been overpaid (from the initial or subsequent payment) will receive a letter shortly stating the overpayment amount that will be deducted from your March 15 check. We sincerely apologize for any confusion this has created and the mistakes that were made concerning your pay. While we always strive to be accurate in your pay, that was not the case and we are working diligently to correct those issues.

(Exhibit 2).

12.     For example, for the wage statement issued on or about February 8, 2019, Plaintiff was issued a statement for $100,245.70 for "Global Recognition" and from which a "deduction" for a "Taxable Fringe Offset" in the amount of $491.40 was taken, resulting in net pay of $0.00.  (Exhibit 3 at 003).

13.     Further, for example, for the wage statements issued on or about January 11, 2019, February 1, 2019, February 8, 2019, February 15, 2019 and February 22, 2019,

Plaintiff was issued wage statements including various amounts of undefined "retroactive pay" without any information regarding the applicable hourly rate, number of hours worked, or the applicable pay period.  As a result, on information and belief, Defendants failed to properly compute all overtime wages owing to Plaintiff and Aggrieved Employees.

14.    At all relevant times mentioned herein, section 510 of the California Labor Code provided:

(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half time the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employee to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensating to an employee working pursuant to any of the following

(1) An alternative workweek schedule adopted pursuant to Section 511.

(2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

 (3) An alternative workweek schedule to which this chapter is inapplicable pursuant to Section 554.

(b) Time spent commuting to and from the first place at which an employee's presence is required by the employer shall not be considered to be a part of a day's work, when the employee commutes in a vehicle that is

owned, leased, or subsidized by the employer and is used for the purpose of ridesharing, as defined in Section 522 of the Vehicle Code.

(c) This section does not affect, change, or limit an employer's liability under the workers' compensation law.

Cal. Lab. Code §510.

16.   At all times relevant herein, IWC Wage Order 7 provided in relevant part: Hours and Days of Work.

(A) Daily Overtime –General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's

regular hourly salary as one-fortieth (1/40) of the employee's weekly salary. Cal. Code Regs., tit. 8, § 11070(3)(A).  By failing to pay Plaintiff  and the Aggrieved Employees their correct minimum wage and overtime wage, Defendants have violated Labor Code 510 and Cal. Code Regs., tit. 8, § 11070(3)(A).

15.    Further, "[i]t is established that vacation pay is not a gratuity or a gift, but is, in effect, additional wages for services performed." Suastez v. Plastic Dress-Up Co., 31 Cal. 3d 774, 779 (1982).  Defendants failed to compensate timely the Aggrieved Employees for all vacation pay that was earned.

16.    At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee
> receiving less than the legal minimum wage or the legal overtime
> compensation applicable to the employee is entitled to recover in a civil
> action the unpaid balance of the full amount of this minimum wage or
> overtime compensation, including interest thereon, reasonable attorney's
> fees, and costs of suit.

Cal. Lab. Code § 1194.

17.    At all relevant times mentioned herein, section 558 of the California Labor Code provided:

> Any employer or other person acting on behalf of an employer who violates,
> or causes to be violated, a section of this chapter or any provision regulating
> hours and days of work in any order of the Industrial Welfare Commission
> shall be subject to a civil penalty as follows:  (1) For any initial violation,
> fifty dollars ($50) for each underpaid employee for each pay period for
> which the employee was underpaid in addition to an amount sufficient to
> recover underpaid wages.  (2) For each subsequent violation, one hundred
> dollars ($100) for each underpaid employee for each pay period for which
> the employee was underpaid in addition to an amount sufficient to recover

1  underpaid wages.  (3) Wages recovered pursuant to this section shall be paid
2  to the affected employee.

3  Cal. Lab. Code § 558.  Defendants are the employer or other persons acting on behalf of
4  an employer who violated, or caused to be violated the relevant sections of the California
5  Labor Code referenced herein.

6  18.  At all times relevant herein, section 210 of the California Labor Code
7  provided:

8  In addition to, and entirely independent and apart from, any other penalty
9  provided in this article, every person who fails to pay the wages of each
10  employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and
11  1197.5, shall be subject to a civil penalty as follows: (a) For any initial
12  violation, one hundred dollars ($100) for each failure to pay each employee;
13  (b) For each subsequent violation, or any willful or intentional violation, two
14  hundred dollars ($200) for each failure to pay each employee, plus 25
15  percent of the amount unlawfully withheld.

16  Cal. Lab. Code § 210.

17  19.  At all relevant times mentioned herein, IWC Wage Order 7 provided in
18  pertinent part:

19  PENALTIES

20  (A) In addition to any other civil penalties provided by law, any employer or
21  any other person acting on behalf of the employer who violates, or causes to
22  be violated, the provisions of this order, shall be subject to the civil penalty
23  of:

24  (1) Initial Violation - $50.00 for each underpaid employee for each pay
25  period during which the employee was underpaid in addition to the amount
26  which is sufficient to recover unpaid wages.

27
28

1    (2) Subsequent Violations - $100.00 for each underpaid employee for each

2    pay period during which the employee was underpaid in addition to an

3    amount which is sufficient to recover unpaid wages.

4    (3) The affected employee shall receive payment of all wages recovered.

5    (B) The labor commissioner may also issue citations pursuant to California

6    Labor Code Section 1197.1 for non-payment of wages for overtime work in

7    violation of this order.

8    Cal. Code Regs., tit. 8, § 11070(20).

9        20.    Plaintiff and the Aggrieved Employees were not timely paid the minimum

10   wages and/or overtime to which they were entitled.  Code §1197 makes unlawful the

11   payment of less than the minimum wage fixed by the Labor Commission.  The applicable

12   IWC wage order requires payment of wages for all hours worked (meaning the time

13   during which an employee is subject to the control of an employer, including all the time

14   the employee is suffered or permitted to work whether or not required to do so).

15       21.    At all relevant times mentioned herein, section 226 of the California Labor

16   Code provided:

17   (a) Every employer shall, semimonthly or at the time of each payment of

18   wages, furnish each of his or her employees, either as a detachable part of

19   the check, draft, or voucher paying the employee's wages, or separately

20   when wages are paid by personal check or cash, an itemized statement in

21   writing showing (1) gross wages earned, (2) total hours worked by the

22   employee, except for any employee whose compensation is solely based on

23   a salary and who is exempt from payment of overtime under subdivision (a)

24   of Section 515 or any applicable order of the Industrial Welfare

25   Commission, (3) the number of piece rate units earned and any applicable

26   piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

27   provided, that all deductions made on written orders of the employee may be

28   aggregated and shown as one item, (5) net wages earned, (6) the inclusive

dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.  Defendants employed Plaintiff and the Aggrieved Employees, but, failed to provide them with the data required by section 226(a) of the California Labor Code.  All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and put the Aggrieved Employees insofar as they were subjected to confusion

and deprived of information to which they were legally entitled. As the wage statements failed to account for accrued but unpaid overtime and accrued but unpaid wages owing on account of Defendants' failure to provide proper meal breaks, the wage statements do not provide the an accurate statement of gross and net wages earned.

23.     At all relevant times mentioned herein, section 1174 of the California Labor Code provided in pertinent part:

Every person employing labor in this state shall:

. . .

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employee shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate unites earned.

Cal. Lab. Code § 1174

24.     At all relevant times mentioned herein, IWC Wage Order 7 provided in pertinent part:

7. RECORDS

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number,

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be

recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

Cal. Code Regs., tit. 8, § 11070 (7)(A). Defendants failed to maintain payroll records required by the California Labor Code and IWC Wage Order 7. For example, Defendants failed to accurately keep "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded." Id.

25.     Section 221 of the California Labor Code states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.  Cal. Lab. Code § 221. "[Labor Code] section 221 has long been held to prohibit deductions from an employee's wages for cash shortages, breakage, loss of equipment, and other business losses that may result from the employee's simple negligence."Hudgins v. Neiman Marcus Group, Inc., 34 Cal. App. 4th 1109, 1118 (1995).

26.     An employer can lawfully withhold amounts from an employee's wages only: (1) when required or empowered to do so by state or federal law, or (2) when a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions not amounting to a rebate on the employee's wages, or (3) when a deduction to cover health, welfare, or pension contributions is expressly authorized by a wage or collective bargaining agreement.

1

## **CLASS ACTION ALLEGATIONS**

2   27.    Plaintiff brings the first through seventh claims for relief alleged below

3   pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Rule 23 provides, in part:

4          (a) Prerequisites.  One or more members of a class may sue or be sued

5   as representative parties on behalf of all members only if:  (1) the class is so

6   numerous that joinder of all members is impracticable; (2) there are

7   questions of law or fact common to the class; (3) the claims or defenses of

8   the representative parties are typical of the claims or defenses of the class;

9   and (4) the representative parties will fairly and adequately protect the

10  interests of the class.

11         (b) Types of Class Actions.  A class action may be maintained if Rule

12  23(a) is satisfied and if:  . . . (3) the court finds that the questions of law or

13  fact common to class members predominate over any questions affecting

14  only individual members, and that a class action is superior to other

15  available methods for fairly and efficiently adjudicating the controversy.

16  28.    Plaintiff seeks to represent a Class that consists of all natural persons who

17  were employed by Defendants in California during the period from four years prior to the

18  filing of this Complaint to the date of the submission of this Court's Order granting

19  certification ("the Class"). The Class may include the following Subclasses:

20      • **Miscalculation Subclass**:  Since the period of time commencing four years

21         prior to the filing of the Complaint, all non-exempt individuals employed by

22         Defendants in California who worked overtime.

23      • **Wage Statement Subclass**:  Since the period of time commencing

24         one year prior to the filing of the Complaint, all non-exempt

25         individuals employed by Defendants in California.

26      • **Record Keeping Subclass:** Since the period of time commencing from

27         September 2015 to the filing of the Complaint, all non-exempt individuals

28         employed by Defendants in California.

29.    Defendants, as to Plaintiff and each Class member, failed to pay wages for all hours worked pursuant to sections 510 and 1194 of the California Labor Code and IWC Wage Order 7. Accordingly, Plaintiff and each Class Member are entitled to payment of his or her unpaid minimum wage, overtime, liquidated damages thereon, and interest.

30.    Defendants, as to Plaintiff and each Class Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendants' failure to provide such data entitles Plaintiff and each Class Member to either actual damages or statutory liquidated damages, whichever is greater.

31.    Defendants' practice of failing to maintain accurate payroll and time-keeping records has damaged Plaintiff and Class Members in that they are unable to determine the accurate and proper wages to which they are legally entitled.

32.    The Class and Subclasses are believed to number in excess of 100 but fewer than 4,000 persons. It is therefore impractical to join each Member as a named plaintiff. Nevertheless, the number of persons in the Class and Subclasses is not so great to make the case unmanageable and the disposition of the claims of the Class and Subclasses on a class-wide basis will provide substantial benefits to both the parties and the Court.

33.    Despite the numerosity of the members of the Class, membership within the Class is readily ascertainable through an examination of the records which Defendants are required by law to keep. Likewise, the dollar amounts owed to Plaintiff and to each putative member of the Class are readily ascertainable by an examination of the same records.

34.    The Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each employee.

35.    There is a well-defined community of interest in the questions of law and fact for the Class and Subclasses, and those questions predominate over questions that may impact individual Class Members. These common questions include:

•    whether Defendants' failure to pay all due wages violates California

law;

- whether Defendants' failure to pay all owed vacation time earned is in violation of California;

- whether Defendants' failure to pay all required wages as detailed above leads to liability under Code § 226(a);

- whether Defendants' rounding policy deprives workers of wages;

- whether Defendants failed to properly record the time that Plaintiff worked and the amount that Plaintiff's earned; and

- whether Defendants' failure to list all correct information on its wage statements leads to liability under Code § 226(a).

36.    Plaintiff's claims are typical of the claims of the members of the Class, which all arise out of the same general operative facts, i.e., Defendants did not compensate the employees as required by the California Labor Code. Plaintiff has no conflict of interest with the other members of the Class and is able to fairly and adequately represent the interests of the class.

37.    A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons.  First, the persons within the Class are numerous and joinder of all of them is impractical.  Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the court.  In that regard, the claims of each individual member of the Class are too small to litigate individually and the commencement of separate actions in this Court would lead to an undue burden on scarce judicial resources.  Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual Class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court.  Further, absent class treatment, employees will most likely be unable to secure

redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual Class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

38.    The interest of each Class member in controlling the prosecution of his or her individual claim against Defendants is small when compared with the efficiency of a class action.

## FIRST CAUSE OF ACTION
(Failure to Pay Minimum Wage, California Labor Code
§§ 1197, 1197 and IWC Wage Order 7
On Behalf of Plaintiff and Class Against Defendants)

39.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

40.    During their employment, Defendants failed to pay Plaintiff and Class Members minimum wages for work they performed. Upon information and belief, Plaintiff and the other members of the Class worked many hours without proper compensation for work they performed.

41.    Plaintiff and members of the Class are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid minimum wages, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

42.    Plaintiff and the Class are also entitled to liquidated damages under section 1194.2 of the California Labor Code in an amount according to proof.

## SECOND CAUSE OF ACTION
(Failure to Pay Overtime Wage, California Labor Code
§§ 510, 1198 and IWC Wage Order 7
On Behalf of Plaintiff and Class Against Defendants)

43.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

44.    During their employment, Defendants failed to pay Plaintiff and Class Members proper overtime wages for work they performed in excess of eight hours in a day or forty hours in a week. Upon information and belief, Plaintiff and the other members of the Class worked many hours without proper overtime compensation for work they performed, as required by sections 510 and 1194 of the California Labor Code and IWC Wage Order 7.

45.    Plaintiff and members of the Class are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid overtime, including interest thereon, reasonable attorneys' fees and costs of suit pursuant to section 1194.

### THIRD CAUSE OF ACTION
(Failure to Provide Meal Breaks, Cal. Lab. Code §§ 226.7 and 512
On Behalf of Plaintiff And the Class Against All Defendants)

46.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

47.    Labor Code section 226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide a timely and uninterrupted meal period. Employees are entitled to meal period of at least thirty 30 minutes per 5-hour work period.

48.    Plaintiff and Class Members consistently worked shifts longer five hours and worked many 10-hour shifts requiring the provision of two paid meal breaks. However, upon information and belief, all were not provided with timely and uninterrupted meal breaks.

49.    Pursuant to Labor Code section 226.7, Plaintiff and the Class are entitled to damages in an amount equal to one hour of wages per day in which a compliant meal break was not provided, in an amount according to proof.

**FOURTH CAUSE OF ACTION**
(Continuing Wages, California Labor Code § 201, 202, 203
On Behalf of Plaintiff and the Class Against Defendants)

50.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

51.    Defendants' failure to compensate Plaintiff and Class Members all earned but unpaid wages within the time for which provision is made by section 201 and 202 of the California Labor Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203.

52.    Pursuant to section 203 of the California Labor Code, Plaintiff and the Class are entitled to continuing wages from Defendants in an amount according to proof. Plaintiff is also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

**FIFTH CAUSE OF ACTION**
(Failure to Provide Information on Pay Stubs, California Labor Code § 226
On Behalf of Plaintiff and the Class Against Defendants)

53.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

54.    Defendants failed to timely provide Plaintiff and the other members of the Class with wage statements conforming to the requirements of section 226(a) of the California Labor Code. For example, Defendants' Wage Statements fail to state information concerning "(2) total hours worked by the employee . . . (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, . . . (6) the inclusive dates of the period for which the employee is paid,." Cal. Lab. Code § 226(a)(1) to (6).

55.    The failure of Defendants to provide proper wage statements violates section 226(a) of the California Labor Code insofar as the Class Members have not received data that accurately sets forth the information delineated in section 226(a) with respect to how much pay they received for which pay period. The failure to identify required data caused

Plaintiff and other members of the putative class injury by depriving them of information to which they are legally entitled.

56.    Accordingly, Plaintiff as well as members of the Class are entitled to damages in the amount of at least $50, or damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e).

## SIXTH CAUSE OF ACTION

(Unfair Competition Business and Professions Code Section 17200
On Behalf of Plaintiff and the Class Against Defendants)

57.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

58.    The conduct of Defendants as alleged in this Complaint has been, and continues to be, unfair, unlawful, deceptive, and harmful to Plaintiff, the Class and Subclass, and the public in general. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of code of Civil Procedure section 1021.5.

59.    Each Plaintiff is a "person" within the meaning of Business & Professions Code section 17204, and, therefore, has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

60.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

61.    California's wage and hours laws, including the laws described in this Complaint, reflect public policies that are fundamental in the State of California. These public policies include the importance of providing employees with proper compensation, meal periods, and rest periods.

62.    Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, has violated the California Labor Code, and has engaged in other unlawful, unfair, and deceptive business practices in violation of California's Business & Professions Code. As a result, Plaintiff, and all persons similarly situated in

the Class have been deprived of rights, benefits, and privileges guaranteed to employees by law.

63.    Defendants, by engaging in the conduct described in this Complaint, either knew or should have known that its conduct was unlawful.

64.    As a proximate result of Defendants' conduct, Plaintiff and Class and Subclass members alleged herein have been damaged in a sum to be proven at trial.

65.    This Court should therefore make such orders and/or judgments as may be necessary to require Defendants to pay to Plaintiff and the members of the Class the money Defendants have heretofore unlawfully failed to pay them.

## SEVENTH CAUSE OF ACTION
(Improper Deductions From Wages,
By Plaintiff individually and on behalf of the Class and against Defendants)

66.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

67.    Labor Code section 221 prohibits Defendants from deducting from employee wages paid toward employee compensation.

68.    Plaintiff is informed and believes, and on that basis alleges, that Defendants improperly deducted portions of Plaintiff's wages and the wages of members of the Class and Subclass, in violation of Labor Code section 221.

69.    As a proximate result, Plaintiff and members of the Class and Subclass have been damaged in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION
(Fair Labor Standards Act On Behalf of Plaintiff and the Class Against All Defendants)

70.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

71.    Plaintiff is informed and believes, and on that basis alleges, that Defendants are employers engaged in an enterprise in interstate commerce whose gross annual

volume of business done is not less than $500,000 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

72.    Under 29 U.S.C. §§ 207(a) and 216(b), Plaintiff and Aggrieved Employees are entitled to recover from Defendants unpaid wages and overtime pay at a rate of 1.5 times the regular rate of pay for hours worked in excess of 40 hours per week, and an equal amount as liquidated damages, as well as costs and attorney's fees

73.    Defendants failed to compensate Plaintiff as required by 29 U.S.C. §§ 207(a) and 216(b) by failing to compensate Plaintiff and Aggrieved Employees for all time worked.

74.    Under 29 U.S.C. §§ 207(a) and 216(b), Plaintiff and Aggrieved Employees are entitled to recover from Defendants their liquidated damages and/or unpaid wages for hours worked in an amount to be proven at trial, as well as costs and attorney's fees.

75.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

76.    Plaintiff bring this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party."  29 U.S.C. § 216(b). Pursuant to the FLSA, Plaintiff seeks to represent a Collective Action defined as:  All persons who provided non-exempt services for Defendants in California, during the period of time commencing three years prior to the filing of the Complaint.

77.    On information and belief, none of the employees were timely paid all wages as required by sections 204, 510, 1194, and 1198, of the California Labor Code.

78.    Plaintiff's consents to bring this action is attached hereto as **Exhibit 4**.

### ELEVENTH CAUSE OF ACTION
California Labor Code § 2698 et seq. Civil Penalties
(On Behalf of Plaintiff, the California Labor & Workforce Development Agency and Aggrieved Employees Against All Defendants)

79.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

80.     Pursuant to section 2699.3(a)(1) of the Labor Code, on April 3, 2019, Plaintiff submitted his PAGA Claim Notice online to the California Labor and Workforce Development Agency ("LWDA") and notified the LWDA of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the theories set forth in the Complaint.  Also on that day, Plaintiff gave written notice by certified mail to Defendants' Registered Agent for Service of Process of the specific provisions of the Labor Code alleged to have been violated by Defendant Coca Cola.  Attached as **Exhibit 5** is a true and correct copy of Plaintiff's April 3, 2019 letter to the LWDA requesting civil penalties and copies of envelopes mailed to Defendant.

81.     Plaintiff seeks to represent all Aggrieved Employees, defined as persons who provided services for Defendant, during the period of time commencing one year prior to the filing of the Complaint.

82.     At all relevant times, California Labor Code section 2699.3(a)(2)(A) provided:

>       The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to Paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to Paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A).

83.     When sixty-five (65) calendar days of the postmark date of the notice sent by Plaintiff has passed Plaintiff may "commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).  More than sixty-five calendar day have passed since Plaintiff gave written notice of the PAGA violations to the LWDA and Defendants.

84.     Plaintiff contends that sections 201, 202, 203, 204, 226, 510, 512, 558, 558.1, 1194, 1197,  1198, and 2699 *et seq.* of the Labor Code enables them to recover

civil penalties under PAGA, as well as attorney's fees and costs, from Defendants, through a civil action on behalf of themselves and other Aggrieved Employees.

85.    Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

86.    Plaintiff seeks civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

1.    **Failure to timely pay wages during employment in violation of Labor Code §§ 204 and 210.**  Aggrieved Employees not compensated twice during each calendar month for wages earned by the times prescribed by section 204.  The failure of Defendants to make timely payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 210 of the California Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her timely wages during their employment is entitled to civil penalties.  Labor Code section 210 provides for a penalty of $100 for each initial violation and $200 for each subsequent, or willful or intentional violation plus 25 percent of the amount unlawfully withheld.

2.    **Failure to pay wages and/or final wages in violation of Labor Code §§ 201, 202 and 203.** With respect to violations of Labor Code §§ 201 and 202, the failure of Defendants to make final payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 203 of the California Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her final wages is entitled to civil penalties. Labor Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent

violations for all Labor Code provisions for which a civil penalty is not specifically provided.

3.      **Failure to provide itemized wage statements in violation of Labor Code § 226(a).** Aggrieved Employees have not been provided a wage statement as required by Labor Code section 226(a). The foregoing was the intentional misconduct of Defendants that was intended to mislead and injure Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled. Section 226(e) provides that any employee who suffers injury as a result of a knowing and intentional failure by the employer to comply with its obligation to provide wage statements containing all of the information referenced above is entitled to recover. Section 226.3 provides for a civil penalty of $250 per employee per violation in an initial violation and $1,000 per employee for each violation in a subsequent violation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

4.      **Failure to provide proper rest and meal periods.** Aggrieved Employees were not provided with timely meal and rest periods in violation of Labor Code section 226.7 and the applicable Living Wage Order sections 11 and 12. Labor Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

5.      **Failure to reimburse necessary business expenses under Labor Code § 2802.** Plaintiff and Aggrieved Employees were not reimbursed for necessary business expenses.  Labor Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent

violations for all Labor Code provisions for which a civil penalty is not specifically provided.

6. **Failure to pay minimum and overtime wages in violation of Labor Code §§ 510, 558, 1194, and 1198.** Both late payment and non-payment of minimum wages violate the state statute requiring the payment of a minimum hourly wage.  Labor Code section 558 imposes a civil penalty in addition to any other penalty provided by law of $50 for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and $100 for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

7. **Failure to keep complete and accurate payroll records.** Failure to keep complete and accurate payroll records relating to Aggrieved Employees in accordance with California Labor Code section 1174(d).  Willful failure to maintain accurate and complete records required by section 1174(d) is subject to a civil penalty of $500.  Cal. Lab. Code § 1174.5.

87.     With respect to violations of Labor Code § 201, 201.5, and 202, Plaintiff contend that the failure of Defendants to make payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 203 of the California Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her final wages is entitled to civil penalties for which provision is made in Section 210 of the Labor Code on account of violations of section 204.

88.     Labor Code § 2699(f) imposes a civil penalty of one hundred dollars ($100) per pay period, per Aggrieved Employee for initial violations, and two hundred dollars ($200) per pay period, per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

## TENTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 226(b)
On Behalf of Plaintiff Only and Against Defendant Coca Cola)

89.   Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

90.   Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

91.   Plaintiff has requested that Defendant Coca Cola permit inspection or copying of his employment records pursuant to Labor Code section 226(b).  Defendant has failed to provide Plaintiff his employment records within 21 days of his request.

92.   Pursuant to Labor Code Section 226(b) and (f), Plaintiff is entitled, and hereby seeks to recover from Defendant a seven-hundred-fifty dollar ($750) penalty, reasonable attorney's fees, and the costs of bringing this cause of action.

## ELEVENTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 1198.5
On Behalf of Plaintiff Only and Against Defendant Coca Cola)

93.   Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

94.   Pursuant to Labor Code section 1198.5, an employer shall make the contents of an employee's personnel records available for inspection.

95.   Plaintiff has requested that Defendant Coca Cola permit inspection or copying of his personnel records pursuant to Labor Code section 1198.5.  Defendant has failed to provide Plaintiff with an opportunity to inspect or copy his employment records within 30 days of his request.

96.   Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to recover from Defendant a seven-hundred-fifty dollar ($750) penalty, reasonable attorney's fees, and the costs of bringing this cause of action.

**WHEREFORE**, Plaintiff prays judgment as follows:

1.      That the Court certify the Class.

2.      That, under the First Cause of Action for Failure to Pay Minimum Wages, this Court enter judgment in favor of Plaintiff and Class Members against Defendants in the amount of unpaid minimum wages and liquidated damages according to proof, interest thereon, and costs and reasonable attorneys' fees pursuant to sections 1194 and 1194.2.

3.      That, under the Second Cause of Action for Failure to Pay Overtime, this Court enter judgment in favor of Plaintiff and Aggrieved Employees against Defendants in the amount of unpaid overtime and liquidated damages according to proof, interest thereon, and costs and reasonable attorneys' fees pursuant to sections 1194.

4.      That, under the Third Cause of Action for Failure to Provide Meal Breaks, this Court enter judgment in favor of Plaintiff and Class Members and award them their damages, penalties, and costs of suit, all according to proof, pursuant to section 218.5 and other relevant sections of the Labor Code.

5.      That, under the Fourth Cause of Action for Continuing Wages, it be adjudged that the failure of Defendants to make payment of Plaintiff's and Class Members' wages was in violation of section 201.5, and 204 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against Defendants in favor of Plaintiff and Class Members.  That judgment be entered in favor of Plaintiff and Aggrieved Employees in an amount according to law and proof, interest thereon, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

6.      That, under the Fifth Cause of Action for Failure to Provide Compliant Wage Statements, this Court enter judgment in favor of Plaintiff and Class Members against Defendants.  That judgment be entered in favor of Plaintiff in an amount according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 226(e).

7.    That, with respect to the Sixth Cause of Action for Unfair Competition, this Court enter judgment in favor of Plaintiff and Class Members against Defendants in the amount according to proof.  Plaintiff seek full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein.  Plaintiff, on behalf of himself, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a receiver as necessary.

8.    That, under the Seventh Cause of Action for Improper Deduction from Wages, this Court enter judgment in favor of Plaintiff and Class Members against Defendants in the amount according to proof.

9.    That, under the Eighth Cause of Action for Violation of the Fair Labor Standards Act, the Court certify a collective action and enter judgment in favor of Plaintiff and Class Members against all Defendants, including attorneys' fees and reimbursement of costs.  That judgment be entered in favor of Plaintiff and Class Members in an amount according to proof or as otherwise plead.

10.    That, with respect to the Ninth Cause of Action for Violation of the Private Attorney General Act, that this Court award Plaintiff, the State of California, and other former and current Aggrieved Employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to sections 201, 201.5, 202, 203, 204, 210, 226, 226.7, 510, 558, 558.1, 1174, 1194, 1198, 2698, 2802 and 2699 et seq. of the Labor Code.

11.    That, with respect to the Tenth Cause of Action for Failure to Provide Employment Records, this Court enter judgment in favor of Plaintiff against Defendant Coca Cola of $750, reasonable attorney's fees, and the costs of bringing this cause of action under Labor Code Section 226(b) and (f).

12.    That, with respect to the Eleventh Cause of Action for Failure to Provide

Personnel Records, this Court enter judgment in favor of Plaintiff against Defendant Coca Cola of $750, reasonable attorney's fees, and the costs of bringing this cause of action pursuant to Labor Code Section 1198.5(k).

Pursuant to Code §§ 218.6, 1194(a), and California Civil Code § 3287, the class seeks recovery of pre-judgment interest on all amounts recovered herein.  Pursuant to Code §§ 218.5, 1194(a) and 1021.5, the class seeks recovery of reasonable attorneys' fees and costs.  For such other and further relief as this Court may deem fit and proper.

Plaintiff demands trial by jury as to all causes of action.

DATED:  September 11, 2019                    HARRIS & RUBLE

*/s/ Alan Harris*
Alan Harris
*Attorney for Plaintiff*

## **Index to Exhibits**

**Exhibit 1** - A Posted Notice from Coca Cola dated February 14, 2019

**Exhibit 2** - A Posted Notice from Coca Cola, undated.

**Exhibit 3** - Flores Redacted Wage Statements

**Exhibit 4** - FLSA Consent Form

**Exhibit 5** - PAGA Notice