JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-01734-RGK-SP | Date | January 29, 2020 |
| Title | *Ryan Flores v. The Coca Cola Company et al.* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                Attorneys Present for Defendants:

Not Present                                                         Not Present

**Proceedings:**    (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 21)

On September 11, 2019, Plaintiff Ryan Flores ("Plaintiff") filed a Complaint against Defendant Coca-Cola Company ("Defendant") alleging various wage and hour claims under the California Labor Code and the Fair Labor Standards Act ("FLSA"). On November 19, 2019, Plaintiff filed a First Amended Complaint ("FAC"). The FAC asserts the following claims: (1) failure to provide compliant wage statements in violation of Cal. Labor Code § 226a; (2) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) improper deductions from wage in violation of Cal. Labor Code § 221; (4) PAGA penalties; (5) failure to provide employment records in violation of Cal. Labor Code § 226(b); and (6) failure to provide employment records in violation of Cal. Labor Code § 1198.5.

Presently before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). However, before the Court can address Defendant's arguments under Rule 12(b)(6), the Court must first consider whether it has subject matter jurisdiction in light of the allegations of the FAC. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("courts…have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.")

Plaintiff's original Complaint contained an FLSA claim over which the Court had federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's FAC, however, asserts only state law claims. Because federal question jurisdiction is now lacking, there must be an alternative basis for the Court to exercise subject matter jurisdiction over this action. Diversity jurisdiction does not appear to exist.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01734-RGK-SP | Date | January 29, 2020 |
|---|---|---|---|
| Title | *Ryan Flores v. The Coca Cola Company et al.* | | |

Indeed, Plaintiff's FAC alleges that both Plaintiff and Defendant are citizens of California. (FAC ¶¶ 4–5, ECF No. 18.) Nor does Plaintiff allege jurisdiction under the Class Action Fairness Act. Accordingly, because the Court appears to lack subject matter jurisdiction over this case, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer